
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ISAIAH TAYLOR, *et al.*,** | ) | CASE NO. 1:24-cv-01167 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **GLENVILLE HOMES III, *et al.*,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

## Background

*Pro se* Plaintiffs Isaiah Taylor and Gabriel White have filed a civil rights complaint in this case under 42 U.S.C. § 1983. (Doc. No. 1.) In their complaint, Plaintiffs challenge the lawfulness of a state-court eviction proceeding. They contend Defendants violated their rights by issuing an order of eviction against them in a state eviction case, and by carrying out the eviction. They sue: Glenville Homes III, the Famicos Foundation, Cleveland Housing Bailiff Department, Cleveland Housing Court, Judge Mona Scott, and the City of Cleveland. (Doc. No. 1 at 2.)

Plaintiffs did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, their complaint is dismissed.

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards

than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* actions filed in federal court, and to dismiss *sua sponte* any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

## Discussion

Upon review, the Court finds that the Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B).

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review cases litigated and decided in state courts, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "The doctrine prevents a [lower] federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). A party raising a federal question in connection with a state court judgment "must appeal [the] state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Here, Plaintiffs complaint challenging the lawfulness of a state court eviction judgment and proceeding constitutes an attempt to obtain unauthorized federal review of a state court

judgment. Plaintiffs cannot challenge the outcome of a state court case in this Court, and their complaint must be dismissed in accordance with the *Rooker-Feldman* doctrine. *See, e.g., Flowers v. Columbus Metropolitan Housing Authority*, 90 Fed. Appx. 893, 894, 2004 WL 237410, at *2 (6th Cir. 2004) (affirming dismissal of *pro se* complaint challenging the lawfulness of a state court forcible entry and detainer judgment on the basis of the *Rooker-Feldman* doctrine); *Poindexter v. Full Line Real Estate Construction, LLC*, No. 4: 23-cv-1049, 2023 WL 5957103, at *1 (N.D. Ohio Sept. 13, 2023) (dismissing complaint asserting claims challenging an eviction action brought in Youngstown Municipal Court).

Accordingly, to the extent Plaintiffs seek to challenge the propriety of a state court eviction judgment, they must do so in the state appellate courts.

In addition, most of the Defendants are immune from suit or cannot be sued for federal civil rights violations under § 1983 in any case. Ohio courts and administrative units of local governments are not *sui juris* and cannot be sued under § 1983; judges are entitled to absolute judicial immunity from suit in connection with actions taken within the scope of their official judicial duties; and plaintiffs may not proceed under § 1983 against private parties no matter how unlawful or discriminatory their alleged conduct. *See, e.g., Goodall v. Casper*, No. 3:22-cv-543, 2023 WL 3553130, at *5 (W.D. Ky. May 18, 2023) (dismissing action against judges and private landlords in connection with an eviction action); *Courthouse News Service v. Foley*, No. 3:23-cv-00329, 2024 WL 308311, at *3 (S.D. Ohio Jan. 26, 2024) (holding that courts, public offices, and local government administrative units are not *sui juris*).

## Conclusion

For the foregoing reasons, Plaintiffs' complaint is dismissed *sua sponte* pursuant to 28

U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                              *s/Dan Aaron Polster*     **8/26/2024**
                                              DAN AARON POLSTER
                                            UNITED STATES DISTRICT JUDGE